AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
### for the
### Western District of New York

United States of America

v.

**DEJUAINE JONES**

*Defendant*

Case No. 24-mj- 54

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

### COUNT 1

On or about the date of June 5, 2024 in the Western District of New York, the defendant did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT 2

On or about the date of June 5, 2024, in the Western District of New York, the defendant did knowingly possess a firearm, that is, a Glock 26 handgun with a defaced serial number, in furtherance of drug trafficking crimes for which he may be prosecuted in a court in the United States, that is, possession with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); all in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

This Criminal Complaint is based on these facts:
☒ Continued on the attached sheet.

RICHARD J MALUPING
Digitally signed by RICHARD J MALUPING
Date: 2024.06.05 18:18:53 -04'00'

*Complainant's signature*

RICHARD J. MALUPING
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

*Printed name and title*

Sworn to and signed telephonically.

*H. Kenneth Schroeder, Jr.*

*Judge's signature*

Date: June 5, 2024

HONORABLE H. KENNETH SCHROEDER, JR.
UNITED STATES MAGISTRATE JUDGE

*Printed name and title*

City and State: Buffalo, New York

## AFFIDAVIT

STATE OF NEW YORK  )
COUNTY OF ERIE       )   SS:
CITY OF BUFFALO     )

I, Richard J. Maluping Special Agent with United States Homeland Security Investigations ("HSI") Department of Homeland Security, having been duly sworn, states as follows:

1. I am a Special Agent with HSI and have so been employed since March 2023. I am currently assigned to the HSI Buffalo Border Enforcement Security Task Force ("BEST"), an HSI sponsored law enforcement task force comprised of local, state, federal, and Canadian law enforcement officers co-located in Buffalo, New York and tasked with combatting transnational criminal organizations ("TCOs") exploiting vulnerabilities of the shared international border. As such, I am a law enforcement officer of the United States, within the meaning of Section 115(c)(1) of Title 18, United States Code, who is "authorized by law or by Government agency to engage in or supervise the prevention, detection, investigation, or prosecution of any violation of Federal criminal law." Furthermore, per the Interagency Cooperation Agreement between the Drug Enforcement Administration ("DEA"), United States Immigration and Customs Enforcement ("ICE"), and HSI, I am a cross-designated agent authorized to investigate violations of Title 21, United States Code.

2. As a Special Agent, I am a graduate of the Federal Law Enforcement Training Center ("FLETC"), where I received both academic and practical application training in surveillance and counter surveillance techniques/methods. I received legal instruction in Federal drug conspiracy laws, preparing drug affidavits, the Controlled Substances Act,

Fourth Amendment Searches and Seizures, Federal Rules of Evidence, and the execution of search warrants. Prior to being a Special Agent, I was employed with United States Customs and Border Protection ("CBP") from 2015 until 2023 as a Field Operations Officer. During my career with CBP, I conducted numerous narcotics seizures connected to transnational criminal organizations and was assigned to the Tactical Terrorism Response Team ("TTRT"), a team specialized with gathering intelligence and targeting individuals associated with terrorist organizations and organized crime.

3. This affidavit is being submitted for a limited purpose, that is, a probable cause determination, therefore I have not presented all of the facts of this investigation to date. I have set forth only the information I believe to be necessary to establish probable cause. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from law enforcement officers and witnesses.

4. This affidavit is made in support of a criminal complaint of **DEJUAINE Q. JONES,** as there is probable cause that **JONES** has violated Title 18, United States Code, Section 924(c)(1)(A)(i) (possession of firearms in furtherance of drug trafficking), and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) (possession of a controlled substance with intent to distribute), (collectively referred to as the Target Offenses).

## PROBABLE CAUSE

5. On June 5, 2024, members of Homeland Security Investigations (HSI) Buffalo Border Enforcement Security Taskforce (BEST), Buffalo Police Department, West Seneca Police Department, Lackawanna Police Department, and the Erie County Sheriff's Office executed a search warrant issued by the Honorable Judge Jeffrey M. Harrington, Town of

West Seneca Justice for (1) the premises of **98 Burch Avenue Upper Apartment, West Seneca, NY 14210** (to include the attic) (hereinafter, "**Target Residence**"), (2) a Red **Dodge Durango** bearing New York license plate number NY/LHK6858, (3) a Black **Chevrolet Trax** bearing New York license plate NY/LJK6354, and (4) for the person of **Dejuaine JONES** (hereinafter, "**JONES**"). An arrest warrant was also issued for **JONES** for the Criminal Sale of a Controlled Substance in the Third Degree (NY Penal Code 220.39-1). The search warrant was issued on probable cause that **JONES** was involved in the possession and/or distribution of cocaine, fentanyl, and other narcotics. Law enforcement had previously surveilled the premises and received information from confidential sources detailing **JONES** distributing narcotics from the **Target Residence.**

6.  Buffalo Police Department and West Seneca Police Department conducted a traffic stop of **JONES** while traveling in the **Dodge Durango.** **JONES** was detained and transported to the HSI Buffalo BEST office in Buffalo. Buffalo Police SWAT executed the search warrant of the **Target Residence** and secured the location. After the location was secured, law enforcement searched the **Target Residence** pursuant to the warrant. The downstairs tenant, **Donna CASTLLO,** gave law enforcement consent to search the lower apartment of the **Target Residence**. **JONES** is known to own the Target residence, both the upper and lower units. **CASTILLO** also informed law enforcement of **JONES** only residing in the upstairs apartment, the **Target Residence**.

7.  In the attic bedroom of the **Target Residence** on a nightstand next to the bed, law enforcement located a loaded Glock 26 9mm handgun with five rounds in the magazine under a baseball hat. Law enforcement also recovered over 300 rounds of firearm ammunition in various calibers, including .223 rounds, 9mm rounds, and shotgun shells. The Glock 26

had a defaced serial number. This bedroom is the only room in the upper unit containing a bed. Law enforcement did not observe items strongly indicating another occupant of that unit.

8.      Law enforcement also found approximately $2,200 in United States currency in a dresser next to the bed.

9.      In the kitchen of the **Target Residence**, law enforcement discovered approximately 27.3 grams of suspected cocaine, approximately 39.6 grams of suspected methamphetamine, and approximately 1.3 grams of suspected fentanyl. The suspected cocaine and methamphetamine tested positive via a field test. The suspected narcotics were found in false compartments of disposable water bottles in the kitchen. The disposable water bottles contained water in the upper and lower portions of the bottles, whereas the area in the center of the bottle contained a false compartment obscured by the bottles' label.

10.     Based on my training, education, and experience, the previously detailed items seized are indicative of involvement in the distribution of controlled substances. Further, based on training and experience, your affiant is aware that traffickers of controlled substances commonly possess firearms to protect themselves, their narcotics, and the proceeds from their narcotics sales.

11.     Based on the above information, your affiant submits there is probable cause to believe that beginning on a date unknown and continuing until June 5, 2024 in the Western District of New York, **Dejuaine JONES**, knowingly and unlawfully possessed with intent to distribute a controlled substance, cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and that **JONES** did knowingly and unlawfully possess a firearm, that is a Glock 26 handgun in furtherance of drug trafficking crimes in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

**RICHARD J MALUPING**
Digitally signed by RICHARD J MALUPING
Date: 2024.06.05 18:19:47 -04'00'

RICHARD J. MALUPING
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Subscribed and sworn to before me telephonically,

this 5th day of June, 2024.

*H. Kenneth Schroeder, Jr.*
HONORABLE H. KENNETH SCHROEDER, JR.
United States Magistrate Judge

5